1105.   Defendants Marcantel and Booker's failure to intervene enabled and ratified the ongoing retaliation against Ms. Lemons.

1106.   The actions and inactions of Defendants Marcantel, Booker, Cormier and Sweeney contributed to Ms. Lemons' damages.

1107.   Defendants' actions would chill an ordinary person from engaging in protected speech.

1108.   Supervisory Defendants had notice of the ongoing pattern and practice of unlawful and discriminatory behavior targeted at women within CNMCF.

1109.   Supervisory Defendants had a duty to intervene and prevent the ongoing pattern and practice.

1110.   Supervisory Defendants failure to intervene is a proximate cause of the unlawful conduct alleged above.

1111.   Defendants acted willfully, knowingly, and purposefully and/or with deliberate indifference to deprive Ms. Lemons of her constitutional rights.  As a result of the nature of Defendants' conduct, Ms. Lemons is entitled to recover punitive damages against each individual.

## COUNT XVIII – FOURTEENTH AMENDMENT VIOLATION OF SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION
### (Against Supervisory Defendants)

1112.   Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1113.   Plaintiff has a liberty interest and/or property interest in her employment and her right to air her grievances for the harassment she has endured at CNMCF.

1114.   Supervisory Defendants discriminated against Ms. Lemons' on the basis of her

gender when Ms. Lemons was dismissed from CNMCF.

1115.   Supervisory Defendants subjected Ms. Lemons to pervasive and continuous sexual harassment and a hostile working environment necessitating Ms. Lemons' loss of her employment at CNMCF.

1116.   Defendants knew, or should have known, that CNMCF had an ongoing pattern and practice of sex discrimination.

1117.   Ms. Lemons' dismissal was based on her gender, in violation of her right to liberty interests and is liable for intentional discrimination in violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

1118.   Defendants had notice of the ongoing pattern and practice which resulted in the violations of Ms. Lemons' rights.

1119.   Defendants ignored substantive Due Process and Equal Protection requirements when they used their authority to terminated Ms. Lemons on the basis of her gender.

1120.   Ms. Lemons would not be subjected to the unconstitutional conduct but for Defendants' position as corrections officers and supervisors at CNMCF.

1121.   Defendants' actions shock the conscience.

1122.   Defendants' actions intentionally and willfully deprived Ms. Lemons of her liberty interests without due process of law and without recourse for the arbitrary, abusive, and harassing conduct of CNMCF employees against Ms. Lemons.

1123.   Defendants' actions proximately caused damages to Ms. Lemons as previously alleged.

1124.   Defendants acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Ms. Lemons of her Constitutional Rights.  As a result of the nature of

Defendants' conduct, Ms. Lemons is entitled to recover punitive damages against each individual.

## CLAIMS ON BEHALF OF NICOLE ROMERO

### COUNT XIX: FIRST AMENDMENT RETALIATION
### (Against Defendants Sanchez, Sweeney, Garcia and Supervisory Defendants)

1125.   Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1126.   Defendant Sanchez retaliated against Ms. Romero for reporting his misconduct to Defendant Sweeney and for her refusal to engage him in his advances toward her and his suggestions that she should become romantically involved with his son.

1127.   Defendants Sweeney and Garcia retaliated against Ms. Romero for reporting Defendant Sanchez's misconduct, for reporting the violation of her privacy regarding the improper investigation that was conducted into her bringing her phone to CNMCF, and for reporting Defendant Sanchez's refusal to allow Ms. Romero to leave work when she was sick.

1128.   Ms. Romero's conduct was protected activity under the First Amendment.

1129.   Defendants Garcia, Sweeney and Supervisory Defendants had notice of Defendant Sanchez's harassing and retaliatory actions towards Ms. Romero.

1130.   Despite Defendants Garcia and Sweeney's knowledge, they failed to discipline Defendant Sanchez, conduct an adequate investigation into Ms. Romero's allegations, and/or prevent the conduct from continuing to happen.

1131.   Despite Defendants Garcia, Sweeney and Supervisory Defendants' knowledge, they allowed Defendant Sanchez's conduct to continue.

1132.   Defendants Garcia, Sweeney and Supervisory Defendants facilitated Defendant Sanchez's retaliation against Ms. Romero.

1133.   Defendants Sanchez, Garcia, Sweeney and Supervisory Defendants' conduct would chill an ordinary person from engaging in protected speech.

1134.   The actions and inactions of Defendants contributed to Ms. Romero's damages.

1135.   Defendants acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Ms. Romero of her Constitutional Rights.  As a result of the nature of Defendants' conduct, Ms. Romero is entitled to recover punitive damages against each individual.

### COUNT XX – FOURTEENTH AMENDMENT VIOLATION OF SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION
### (Against Defendants Sanchez, Sweeney, Garcia and Supervisory Defendants)

1136.   Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1137.   Plaintiff has a liberty interest and/or property interest in her employment and her right to air her grievances for the harassment she has endured at CNMCF.

1138.   Defendants Sanchez, Sweeney, Garcia and Supervisory Defendants discriminated against Ms. Romero on the basis of her gender when they terminated Ms. Romero's employment for a minor infraction.

1139.   Defendants Sanchez, Sweeney, Garcia and Supervisory Defendants subjected Ms. Romero to a more severe punishment than that of male correctional officers who commit similar, or even worse, infractions.

1140.   Defendants knew, or should have known, that CNMCF had an ongoing pattern and practice of sex discrimination.

1141.   Ms. Romero's termination and excessive punishment was based on her gender, in violation of her right to liberty interests and is liable for intentional discrimination in violation of

42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

1142.   Defendants had notice of the ongoing pattern and practice that resulted in the violations of Ms. Romero's rights.

1143.   Defendants ignored substantive due process and equal protection requirements when they used their authority to terminate Ms. Romero on the basis of her gender.

1144.   Ms. Romero would not be subjected to the unconstitutional conduct but for Defendants' positions as corrections officers and supervisors at CNMCF.

1145.   Defendants' actions shock the conscience.

1146.   Defendants' actions intentionally and willfully deprived Plaintiff of her liberty interests without due process of law and without recourse for the arbitrary, abusive, and harassing conduct of CNMCF employees against Ms. Romero.

1147.   Defendants' actions proximately caused damages to Plaintiff as previously alleged.

1148.   Defendants acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Ms. Romero of her constitutional rights.  As a result of the nature of Defendants' conduct, Ms. Romero is entitled to recover punitive damages against each individual.

## CLAIMS ON BEHALF OF ALLISON EASTMAN

### COUNT XXI: FIRST AMENDMENT RETALIATION
### (Against Defendants Martin, Garcia, Sweeney and Supervisory Defendants)

1149.   Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1150.   Defendant Martin retaliated against Ms. Eastman for reporting his misconduct to

Defendants Garcia and Sweeney as well as for attaining a restraining order against him.

1151.   Ms. Eastman's conduct was protected activity under the First Amendment.

1152.   Defendant Martin maliciously told both correctional officers and inmates that Ms. Eastman would have sex with them.

1153.   Defendant Martin maliciously told both correctional officers and inmates Ms. Eastman's personal information.

1154.   Defendant Martin attempted to have Ms. Eastman fired by soliciting fabricated memoranda about her alleged sexual misconduct.

1155.   Defendants Garcia, Sweeney and Supervisory Defendants had notice of Defendant Martin's violent actions towards Ms. Eastman, his threat to her life, as well as Ms. Eastman's restraining order against him.

1156.   Defendants Garcia, Sweeney and Supervisory Defendants also had knowledge that Defendant Martin was making sexual allegations against Ms. Eastman on social media regarding employees.

1157.   Despite Defendants Garcia, Sweeney and Supervisory Defendants' knowledge, they allowed Defendant Martin to continue working at the facility.

1158.   Despite Defendants Garcia, Sweeney and Supervisory Defendants' knowledge, they allowed Defendant Martin to make derogatory and malicious comments about Ms. Eastman.

1159.   Defendants Garcia, Sweeney and Supervisory Defendants facilitated Defendant Martin's retaliation against Ms. Eastman.

1160.   Defendants Martin, Garcia, Sweeney and Supervisory Defendants' conduct would chill an ordinary person from engaging in protected speech.

1161.   The actions and inactions of Defendants contributed to Ms. Eastman's damages.

126

1162.   Defendants acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Ms. Eastman of her constitutional rights.  As a result of the nature of Defendants' conduct, Ms. Eastman is entitled to recover punitive damages against each individual.

## COUNT XXII – FOURTEENTH AMENDMENT VIOLATION OF SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION
### (Against Defendants Martin, Garcia, Sweeney and Supervisory Defendants)

1163.   Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1164.   Plaintiff has a liberty interest and/or property interest in her employment and her right to air her grievances for the harassment she has endured at CNMCF.

1165.   Defendant Martin violated Ms. Eastman's liberty interests and is liable for intentional discrimination in violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution for discussing Ms. Eastman's intimate life with her coworkers and inmates and for telling co-workers and inmates that she would have sex with them.

1166.   Defendants Martin, Garcia, Sweeney and Supervisory Defendants have had notice of the ongoing pattern and practice which have resulted in the violations of Ms. Eastman's rights.

1167.   Defendants Martin, Garcia, Sweeney and Supervisory Defendants ignored substantive Due Process and Equal Protection requirements when they used their authority to slander Ms. Eastman.

1168.   Ms. Eastman would not be subjected to the unconstitutional conduct but for Defendants Martin, Garcia, Sweeney and Supervisory Defendants' positions as corrections officers and supervisors at CNMCF.

1169.   Defendants Martin, Garcia, Sweeney and Supervisory Defendants' actions discriminated against Ms. Eastman, on the basis of her gender, female, in violation of the Equal Protection Clause of the United States Constitution.

1170.   Defendants Martin, Garcia, Sweeney and Supervisory Defendants' actions placed Ms. Eastman in physical jeopardy that shocks the conscience.

1171.   Defendants Martin, Garcia, Sweeney and Supervisory Defendants' actions intentionally and willfully deprived Plaintiff of her liberty interests without due process of law and without recourse for the arbitrary, abusive, and harassing conduct of CNMCF employees against Ms. Eastman.

1172.   Defendants' actions proximately caused damages to Plaintiff as previously alleged.

1173.   Defendants, Garcia, Sweeney and Supervisory Defendants had a duty to intervene and stop the ongoing toxic culture which foreseeably facilitated the hostile environment in violation of the constitution.

1174.   Each Defendant failed to intervene.

1175.   The actions and inactions of Defendants Martin, Garcia, Sweeney and Supervisory Defendants contributed to Ms. Eastman's damages.

1176.   Defendants Martin, Garcia, Sweeney and Supervisory Defendants acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Ms. Eastman of her constitutional rights.  As a result of the nature of Defendants' conduct, Ms. Eastman is entitled to recover punitive damages against each individual.

## COUNT XXIII – FOURTEENTH AMENDMENT VIOLATION OF SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION

### (Against Supervisory Defendants)

1177.   Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1178.   Supervisory Defendants discriminated against Ms. Eastman on the basis of her gender when Ms. Eastman was dismissed from CNMCF.

1179.   Supervisory Defendants subjected Ms. Eastman to pervasive and continuous sexual harassment and a hostile working environment necessitating Ms. Eastman's loss of her employment at CNMCF.

1180.   Defendants knew, or should have known, that CNMCF had an ongoing pattern and practice of sex discrimination.

1181.   Ms. Eastman's dismissal was based on her gender, in violation of her right to liberty interests and is liable for intentional discrimination in violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

1182.   Defendants had notice of the ongoing pattern and practice which resulted in the violations of Ms. Eastman's rights.

1183.   Defendants ignored substantive due process and equal protection requirements when they used their authority to terminate Ms. Eastman on the basis of her gender.

1184.   Ms. Eastman would not be subjected to the unconstitutional conduct but for Defendants' positions as corrections officers and supervisors at CNMCF.

1185.   Defendants' actions shock the conscience.

1186.   Defendants' actions intentionally and willfully deprived Plaintiff of her liberty interests without due process of law and without recourse for the arbitrary, abusive, and

129

harassing conduct of CNMCF employees against Ms. Eastman.

1187. Defendants' actions proximately caused damages to Ms. Eastman as previously alleged.

1188. Defendants acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Ms. Eastman of her constitutional rights. As a result of the nature of Defendants' conduct, Ms. Eastman is entitled to recover punitive damages against each individual.

## CLAIMS ON BEHALF OF PLAINTIFF JOE

### COUNT XXIV: FIRST AMENDMENT RETALIATION
### (Against Defendant Davis)

1189. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1190. Defendant Davis retaliated against Ms. Joe for filing a lawsuit against him.

1191. In attempt to intimidate Ms. Joe, Defendant Davis attempted to be present during an interview that OPS conducted into her allegations in this lawsuit.

1192. Ms. Joe's ability to heir her grievances through filing a lawsuit due to the harassment she has endured at CNMCF and by Defendant Davis is a protected first amendment activity.

1193. Defendant Armstrong's retaliation was unlawful and would chill an ordinary person in the exercise of first amendment rights and Ms. Joe suffered damages as a result of his conduct.

1194. Defendant Davis acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Ms. Joe of her constitutional rights. As a result of the nature of Defendant Davis' conduct, Ms. Joe is entitled to recover punitive damages against Defendant

Davis.

## COUNT XXV – FOURTEENTH AMENDMENT VIOLATION OF DUE PROCESS AND EQUAL PROTECTION
### (Against Supervisory Defendants)

1195.   Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1196.   Plaintiff has a liberty interest and/or property interest in her employment, and her right to air her grievances for the harassment she has endured at CNMCF.

1197.   Supervisory Defendants discriminated against Ms. Joe on the basis of her gender when Defendant Mendoza was promoted instead of Ms. Joe.

1198.   Supervisory Defendants subjected Ms. Joe to pervasive and continuous sexual harassment which she reported, causing her to be viewed as less qualified by her co-workers and supervisors.

1199.   Defendants knew, or should have known that CNMCF had an ongoing pattern and practice of sex discrimination.

1200.   Ms. Joe's non-selection was based on her gender, in violation of her right to liberty interests and is liable for intentional discrimination in violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

1201.   Defendants had notice of the ongoing pattern and practice which have resulted in the violations of Ms. Joe's rights.

1202.   Defendants ignored due process and equal protection requirements when they used their authority to discriminate against Ms. Joe on the basis of her gender.

1203.   Ms. Joe would not be subjected to the unconstitutional conduct but for Defendants' positions as corrections officers and supervisors at CNMCF.

1204.   Defendants' actions shock the conscience.

1205.   Defendants' actions intentionally and willfully deprived Ms. Joe of her liberty interests without due process of law and without recourse for the arbitrary, abusive, and harassing conduct of CNMCF employees against Ms. Joe.

1206.   Defendants' actions proximately caused damages to Plaintiff as previously alleged.

1207.   Defendants acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Ms. Joe of her constitutional rights.  As a result of the nature of Defendants' conduct, Ms. Joe is entitled to recover punitive damages against each individual.

### COUNT XXVI: FIRST AMENDMENT RETALIATION
### (Against Supervisory Defendants)

1208.   Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1209.   Defendants retaliated against Ms. Joe for filing a lawsuit against them.

1210.   Because Plaintiff Joe filed this action, Defendants did not promote Ms. Joe.

1211.   Plaintiff Joe's ability to air her grievances through filing a lawsuit due to the harassment she has endured at CNMCF is a protected first amendment activity, and the events described above took place because Plaintiff filed this lawsuit.

1212.   Defendants' retaliation was unlawful and would chill an ordinary person in the exercise of first amendment rights and Ms. Joe suffered damages as a result of their conduct.

1213.   Defendants acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiff of her constitutional rights.  As a result of the nature of Defendants' conduct, Plaintiff is entitled to recover punitive damages against each individual.

## CLAIMS ON BEHALF OF ALL PLAINTIFFS

## COUNT XXVII: FOURTEENTH AMENDMENT VIOLATION FOR
## DISCRIMINATION ON THE BASIS OF GENDER
## (Against ALL Defendants)

1214.   Plaintiffs hereby incorporate by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1215.   At all times relevant to this Complaint, Plaintiffs enjoyed the right to equal protection of the law under the Fourteenth Amendment.

1216.   Plaintiffs had a liberty interest and/or property interest in their employment and their right to air their grievances for the harassment they have endured at CNMCF.

1217.   Defendants sexually assaulted and harassed Plaintiffs, and discriminated against them on the basis of gender and race.

1218.   Defendants did not, however, sexually assault and harass male corrections officers or discriminate against them.

1219.   Male corrections officers employed at CNMCF were similarly situated to Plaintiffs as they were also correction officers employed at CNMCF.

1220.   Defendants sexually assaulted, sexually harassed, and discriminated against Plaintiffs because they are women.  In doing so, Defendants violated Plaintiffs' Fourteenth Amendment rights to the equal protection of the law.

1221.   Defendants preyed on Plaintiffs' fears of retaliation, increased aggression, and loss of employment.

1222.   Defendants were deliberately indifferent to the rights of Plaintiffs through their sexual harassment, sexual banter, racial degradation, sexual assaults, and batteries of Plaintiffs.

1223.   Defendants were deliberately and callously indifferent to the rights of Plaintiffs in

using their position of authority to cause unlawful harm to Plaintiffs.

1224.   Defendants were deliberately and callously indifferent to the rights of Plaintiffs when they failed to implement proper sexual harassment training, or mocked domestic violence and women in the workplace.

1225.   Defendants had a duty to intervene during the unlawful conduct described above. Their failure caused the continued violation of Plaintiffs' equal protection rights.

1226.   Defendants were deliberately and callously indifferent to the rights of Plaintiffs by creating a work environment which tolerated sexually explicit and/or abusive phone calls to Plaintiffs.

1227.   Defendants were deliberately and callously indifferent to the rights of Plaintiffs in refusing to accommodate females in the work place by having toilets positioned where female correctional officers would have to expose themselves to inmates and male colleagues in order to urinate or to be forced to see their co-worker's genitalia as they urinated.

1228.   Defendants' actions were willful and taken with deliberate and callous indifference to the rights of the Plaintiffs.

1229.   Defendants were placed in a position of authority and trust by their appointment at CNMCF.

1230.   Defendants used their government position to violate the bodily integrity and equal protection of Plaintiffs in violation of their rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment and are actionable pursuant to 42 U.S.C. §1983.

1231.   Defendants' acts were intentional, wanton, malicious, sadistic, and in gross and reckless disregard of, or deliberate indifference to, Plaintiffs' constitutional rights.

1232.   Defendants acted with the purpose of causing harm to and victimizing Plaintiffs, and not to accomplish any legitimate goal.

1233.   Plaintiffs are entitled to punitive damages against the Defendants.

### COUNT XXVIII – FOURTEENTH AMENDMENT VIOLATION OF DUE PROCESS
### (Against ALL Defendants)

1234.   Plaintiffs hereby incorporate by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1235.   At all times relevant to this Complaint, Plaintiffs had a Fourteenth Amendment interest in bodily integrity and to be free of liberty deprivations that were arbitrary and lacking any governmental interest.

1236.   Defendants' regular and consistent sexual harassment, sexual assault, and discrimination against Plaintiffs served no governmental purpose.

1237.   Defendants were deliberately indifferent to the rights of Plaintiffs through their sexual harassment, sexual banter, racial degradation, sexual assaults, and batteries of Plaintiffs which served no governmental interest and shocks the conscience.

1238.   Defendants were deliberately and callously indifferent to the rights of Plaintiffs in using their position of authority to cause unlawful harm to Plaintiffs.

1239.   Defendants were deliberately and callously indifferent to the rights of Plaintiffs when they failed to implement proper sexual harassment training, or mocked domestic violence and woman in the workplace which served no governmental interest and shocks the conscience.

1240.   Defendants were deliberately and callously indifferent to the rights of Plaintiffs by creating a work environment which tolerated sexually explicit and/or abusive phone calls to Plaintiffs which served no governmental interest and shocks the conscience.

1241.   Defendants were deliberately and callously indifferent to the rights of Plaintiffs in refusing to accommodate females in the work place by having toilets positioned where female correctional officers would have to expose themselves to inmates and male colleagues in order to urinate or to be forced to see their co-worker's genitalia as they urinated, which served no governmental interest and shocks the conscience.

1242.   Defendants' actions were willful and taken with deliberate and callous indifference to the rights of the Plaintiffs.

1243.   Defendants were placed in a position of authority and trusted by their appointment at CNMCF.

1244.   Defendants ratification of and participation in a hyper-sexualized and threatening environment served no governmental purpose.

1245.   Defendants repeatedly victimized Plaintiffs with their unlawful behavior and their conduct shocks the conscience.

1246.   There is a direct cause between Defendants' unconstitutional actions and Plaintiffs' injuries.  Defendants' actions were willful, wanton, obdurate, and in gross and reckless disregard of Plaintiffs' constitutional rights.

1247.   Plaintiffs are entitled to punitive damages against the Defendants.

**RETALITATORY CLAIMS ON BEHALF OF PLAINTIFFS KENNEDY, EASTMAN, DE LA CRUZ, AND JOE SINCE THE FILING OF THE FIRST COMPLAINT IN THIS ACTION AND MEDIA COVERAGE**
**COUNT XXIX: FOURTEENTH AMENDMENT FOR LACK OF DUE PROCESS**
**(Against Supervisory Defendants)**

1248.   Plaintiffs hereby incorporate by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1249.   At all times relevant to this complaint, Plaintiffs enjoyed the right to be free from

deprivation of life, liberty, or process without due process of law.

1250.   Plaintiffs have a liberty interest and/or property interest in their employment and their right to air their grievances for the harassment they have endured at CNMCF.

1251.   Supervisory Defendants led, supervised, initiated, participated in, and/or allowed an oppressive and intimidating investigation into Plaintiffs Kennedy, Eastman, De La Cruz, and Joe's complaints.

1252.   The investigation was publicized in direct violation of Correction Department policies.

1253.   The investigation was intended to gather information for this lawsuit and it did not serve the purpose of providing a fair process for Plaintiffs' complaints to be addressed.

1254.   The investigation did not follow normal policies, practices, or procedures, and Supervisory Defendants conducted the investigation unfairly.

1255.   Plaintiffs were not offered due process because they were not provided a fair investigation, and Supervisory Defendants' actions were not undertaken for the purpose of achieving a legitimate goal.

1256.   Supervisory Defendants were placed in a position of authority and trust by their appointment at CNMCF.

1257.   Supervisory Defendants had a duty to intervene during the unlawful conduct described above.  Their failure caused the continuation of Plaintiffs' violation of due process rights.

1258.   Supervisory Defendants' actions were willful and taken with deliberate and callous indifference to the rights of the Plaintiffs.

1259.   Plaintiffs are entitled to punitive damages against the Defendants.

## COUNT XXX: FIRST AMENDMENT RETALIATION
### (Against Supervisory Defendants)

1260.   Plaintiffs hereby incorporate by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1261.   Supervisory Defendants retaliated against Plaintiffs for filing a lawsuit against them.

1262.   Because Plaintiffs Kennedy, Eastman, De La Cruz, and Joe filed this action, Supervisory Defendants led, supervised, initiated, participated in, and/or allowed an oppressive and intimidating investigation into Plaintiffs Kennedy, Eastman, De La Cruz, and Joe's complaints.

1263.   The investigation process included the publicizing of the investigation against Corrections Department policy and it put Plaintiffs' safety at work in jeopardy.

1264.   Plaintiffs Kennedy, Eastman, De La Cruz, and Joe's ability to air their grievances through filing a lawsuit due to the harassment they have endured at CNMCF is a protected first amendment activity, and the events described above took place because Plaintiffs filed this lawsuit.

1265.   Supervisory Defendants' retaliation was unlawful and would chill an ordinary person in the exercise of first amendment rights and Plaintiffs suffered damages as a result of their conduct.

1266.   Supervisory Defendants acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiffs of their Constitutional Rights.  As a result of the nature of Supervisory Defendants' conduct, Plaintiffs are entitled to recover punitive damages against each individual.

## COUNT XXXI: FIRST AMENDMENT RETALIATION
### (Against Supervisory Defendants)

1267.   Plaintiffs hereby incorporate by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1268.   Supervisory Defendants retaliated against Plaintiffs for filing a lawsuit against them.

1269.   Because Plaintiffs Kennedy, Eastman, De La Cruz, and Joe filed this action, Supervisory Defendants led, supervised, initiated, participated in, and/or allowed an oppressive and intimidating environment at CNMCF to exist.

1270.   The environment includes: allowing hateful and degrading comments toward Plaintiffs to be pervasive and those that make such comments go unpunished; failure to respond to radio calls by Plaintiff Eastman; a sham investigation process; not ensuring Plaintiffs' safety; allowing corrections officers to urinate on curtains that were put up because of Plaintiffs complaints of the lack of privacy when they were using the restroom; allowing sexually explicit pictures to remain on the CNMCF premises and not adequately removing or covering sexually explicit pictures of which Plaintiff complained; and forcing Plaintiff Kennedy to work directly with an individual she has made complaints against.

1271.   Plaintiffs Kennedy, Eastman, De La Cruz, and Joe's ability to air their grievances through filing a lawsuit due to the harassment they have endured at CNMCF is a protected first amendment activity, and the events described above took place because Plaintiffs filed this lawsuit.

1272.   Supervisory Defendants' retaliation was unlawful and would chill an ordinary person in the exercise of first amendment rights and Plaintiffs suffered damages as a result of their conduct.

1273.   Supervisory Defendants acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiffs of their Constitutional Rights.  As a result of the nature of Supervisory Defendants' conduct, Plaintiffs are entitled to recover punitive damages against each individual.

## COUNT XXXII: FIRST AMENDMENT RETALIATION
### (Against Supervisory Defendants)

1274.   Plaintiffs hereby incorporate by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1275.   Supervisory Defendants retaliated against Plaintiffs for filing a lawsuit against them.

1276.   Because Plaintiffs Kennedy, De La Cruz, and Joe filed this action, Supervisory Defendants led, supervised, initiated, participated in, and/or allowed Plaintiffs Kennedy, De La Cruz, and Joe to be restricted from the level 2 facility inhibiting their ability to work overtime.

1277.   Plaintiffs Kennedy, De La Cruz, and Joe's ability to air their grievances through filing a lawsuit due to the harassment they have endured at CNMCF is a protected first amendment activity, and the events described above took place because Plaintiffs filed this lawsuit.

1278.   Supervisory Defendants' retaliation was unlawful and would chill an ordinary person in the exercise of first amendment rights and Plaintiffs suffered damages as a result of their conduct.

1279.   Supervisory Defendants acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiffs of their constitutional rights.  As a result of the nature of Supervisory Defendants' conduct, Plaintiffs are entitled to recover punitive damages against each individual.

## COUNT XXXIII: FOURTEENTH AMENDMENT FOR LACK OF DUE PROCESS
### (Against Supervisory Defendants)

1280.   Plaintiffs hereby incorporate by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

1281.   At all times relevant to this Complaint, Plaintiffs enjoyed the right to be free from deprivation of life, liberty, or process without due process of law.

1282.   Plaintiffs have a liberty interest and/or property interest in their employment, in working overtime and their right to air their grievances for the harassment they have endured at CNMCF.

1283.   Supervisory Defendants led, supervised, initiated, participated in, and/or allowed Plaintiffs Kennedy, De la Cruz and Joe to be restricted from the Level 2 facility inhibiting their ability to work overtime.

1284.   Plaintiffs were not offered due process because they were restricted from working overtime positions, and Supervisory Defendants' actions were not undertaken for the purpose of achieving a legitimate goal.

1285.   Supervisory Defendants restricted Plaintiffs Kennedy, De la Cruz and Joe's ability to work overtime, rather than the named Defendants, on the basis of their gender.

1286.   Supervisory Defendants were placed in a position of authority and trust by their appointment at CNMCF.

1287.   Supervisory Defendants had a duty to intervene during the unlawful conduct described above.  Their failure caused the continuation of Plaintiffs' violation of due process rights.

1288.   Supervisory Defendants' actions were willful and taken with deliberate and callous indifference to the rights of the Plaintiffs.

141

1289.  Plaintiffs are entitled to punitive damages against the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray for relief as follows:

1.     The award of damages in an amount a jury deems sufficient to compensate Plaintiffs for Defendants' unlawful conduct;

2.     Damages for the nature, extent, and duration of Plaintiffs' injuries;

3.     Punitive damages in an amount a jury deems sufficient to deter Defendants and other male officers and supervisors at CNMCF from acting in gross disregard of, or indifference to, the rights and safety of Plaintiffs and similarly situated female officers;

4.     Injunctive relief;

5.     Reasonable costs and attorneys' fees incurred in bringing this action pursuant to 42 U.S.C. § 1988;

6.     An award of pre- and post-judgment interest; and,

7.     For such other and further relief as the Court deems just.

## JURY DEMAND

Plaintiffs respectfully demand a jury on all issues so triable.  This demand is proper pursuant to Fed. R. Civ. Proc. 38 and the Seventh Amendment of the United States Constitution.

Respectfully submitted,

KENNEDY KENNEDY & IVES, LLC

*/s/ Laura S. Ives*
Laura S. Ives
Shannon Kennedy
Theresa V. Hacsi
1000 2nd Street NW
Albuquerque, NM 87102
(505) 244-1400 F: (505) 244-1406

and

LAW OFFICE OF LUCERO & HOWARD, LLC

*/s/ Leon Howard*
Leon Howard
P.O. Box 25391
Albuquerque, New Mexico 87125
505-225-8778, Fax: 505-288-3473

*Attorneys for Plaintiffs*

143